**Order entered February 17, 2023**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-22-01112-CR**

**JONATHAN OLIVAREZ, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 195th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F19-57776-N**

**ORDER**

Before the Court is appellant's motion to unseal volume 6 of the reporter's record and supplement reporter's record with unsealed volume 6. Appellant was indicted for and convicted of the aggravated assault of the complainant, Eric Cabello. Volume 6 of the reporter's record is the transcription of a closed hearing of the trial court with Mr. Cabello and his attorney. Volume 6 was filed with this Court under seal. Unsealed portions of the record show that Mr. Cabello asserted his Fifth Amendment privilege from testifying at the trial, which the trial court

sustained. During the hearing, Mr. Cabello's attorney proffered evidence of Mr. Cabello's anticipated testimony. That evidence does not appear to be part of the sealed volume 6 of the reporter's record nor is it found elsewhere in the appellate record. Appellant's attorney on appeal states in the motion to unseal that he has spoken with the trial court and the court reporter about unsealing volume 6 and the trial court advised appellant's attorney that the trial court will unseal volume 6. However, no order unsealing volume 6 has been made part of the appellate record.

We **ORDER** the trial court to hold a hearing and make findings of fact and recommendations, by **MARCH 24, 2023**, and determine (1) whether volume 6 of the reporter's record should remain under seal, (2) whether the proffered evidence of Mr. Cabello's likely testimony was presented in the hearing included in volume 6 of the reporter's record, and (3) if the proffered evidence of Mr. Cabello's likely testimony was presented in the hearing, whether a supplemental reporter's record containing the proffered evidence of Mr. Cabello's likely testimony should be under seal when filed with this Court.

If the trial court determines that volume 6 of the reporter's record should not be sealed, then the trial court shall sign an order vacating the order sealing volume 6. If the trial court determines the proffered evidence of Mr. Cabello's likely

testimony is available and should be under seal when filed with this Court, the trial court shall sign an appropriate order sealing the volume.

If the proffered likely testimony of Mr. Cabello was presented in the hearing but is not available, then the court shall make findings whether appellant was at fault for the loss of the proffered evidence of Mr. Cabello's likely testimony, whether the proffered evidence of Mr. Cabello's likely testimony is necessary to the appeal's resolution, and whether the proffered evidence of Mr. Cabello's likely testimony can be replaced by agreement of the parties or with a copy determined by the trial court to accurately duplicate with reasonable certainty the original proffered evidence presented at the hearing. *See* TEX. R. APP. P. 34.6(f). The trial court shall also determine whether any copy of the proffered evidence of Mr. Cabello's likely testimony that is agreed-to by the parties or approved by the trial court should be under seal when filed with this Court.

If the trial court determines that the proffered evidence of Mr. Cabello's likely testimony was presented in the hearing and is available or the parties agree to a replacement copy or the trial court determines a copy accurately duplicates it with reasonable certainty, then the court reporter shall file a supplemental reporter's record with this Court containing the proffered evidence of Mr.

Cabello's likely testimony together with any sealing order signed by the trial court within **THIRTY DAYS** after the trial court's determination.

The trial court shall appoint counsel for Mr. Cabello to represent his interests at the hearing.

We direct the Clerk to send copies of this order to the Honorable Hector Garza, Presiding Judge, 195th Judicial District Court; Velma R. Loza, Official Court Reporter 195th Judicial District Court; Josh David Healy, attorney for Eric Cabello; John Tatum, attorney for appellant; and the Office of the Dallas County District Attorney, Appellate Division.

This appeal is **ABATED** to allow the trial court to comply with the above order. This appeal shall be reinstated when the record transmitted by the trial court is received or at such other time as the Court deems proper.

/s/ ERIN A. NOWELL
   JUSTICE